NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MONROE, | No. C 09-05445 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| SUE SUMMERSET, et al., | |
| Defendants. | |

Plaintiff, a California prisoner incarcerated at Ironwood State Prison, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be addressed in a separate order.

**DISCUSSION**

A. <u>28 U.S.C. § 1915A(a) Screening</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Monroe05445_dwlta.wpd

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that he suffered several bouts of salmonellosis and staphylococcus as a result of being intentionally fed tainted and spoiled food. (Compl. Attach. at 1.) Plaintiff claims that he was sick for 10 days. (Id. at 2.) Plaintiff names as defendants the food "purveyors," including Kellogg, Austin Quality Foods, and Peanut Corp. Of America. Plaintiff's causes of action are based on negligence, breach of warranty, strict liability, and intentional infliction of emotional distress. (Id. at 1.)

The complaint must be dismissed for failure to state a claim under § 1983. First of all, Plaintiff has failed to identify that a federal right was violated. All four of Plaintiff's causes of actions are grounded in state tort law, and it is well-established that § 1983 does not impose liability for violations of duties of care arising out of state tort law. See DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 201-03 (1989); Baker v. McCollan, 443 U.S. 137, 146 (1979) (without more no action for false imprisonment). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976). Plaintiff has failed to do so. Furthermore, neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994).

Secondly, Plaintiff has failed to show that any of the private businesses he names as defendants are "persons" that were acting "under the color of state law." See West v. Atkins, 487 U.S. at 48. A private individual, or entity in this case, does not act under color of state

1  law, an essential element of a § 1983 action.  See Gomez v. Toledo, 446 U.S. 635, 640
2  (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  See
3  Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S.
4  949 (1975).  Simply put: There is no right to be free from the infliction of constitutional
5  deprivations by private individuals.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835
6  (9th Cir. 1996).  Action taken by private individuals or organizations may be under color of
7  state law "if, though only if, there is such a close nexus between the State and the challenged
8  action that seemingly private behavior may be fairly treated as that of the State itself."
9  Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96
10 (2001) (internal quotation marks omitted).  Here, Plaintiff has failed to show that there was
11 such a "close nexus" to warrant the treatment of these private corporations as persons acting
12 under color of state law.  Accordingly, Plaintiff has failed to state a claim for relief
13 under§ 1983 against these private entities.  Plaintiff may seek relief by filing his tort claims
14 in state court.

15    Plaintiff names one individual defendant, Sue Summerset. but fails to identify who she
16 is or state any specific allegations with regards to her actions which caused him injury.  Even
17 if the Court assumes that Defendant Summerset is a prison official, Plaintiff has not indicated
18 that he exhausted administrative remedies for his claims against her.  (Compl. at 2.)
19 Accordingly, the action against Defendant Summerset is DISMISSED with leave to amend to
20 attempt to allege that Defendant Summerset violated Plaintiff's constitutional rights and was
21 acting under the color of state law at the time.  See West v. Atkins, 487 U.S. at 48.  Plaintiff
22 must also show that he exhausted administrative remedies for his claims her.

### CONCLUSION

For the reasons stated above, the Court orders as follows:

1.    The claims against Defendants Kellog, Austin Quality Foods, Peanut Corp of America, King Nut and ABC Venture are DISMISSED with prejudice for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1),(2).  The clerk shall

1  terminate these defendants from this action.

2      2.    The action against Defendant Sue Summerset is DISMISSED with leave to
3  amend within **thirty (30) days** from the date this order is filed to cure the deficiencies
4  described above. The amended complaint must include the caption and civil case number
5  used in this order (09-05445 JF (PR)) and the words FIRST AMENDED COMPLAINT on
6  the first page. Because an amended complaint completely replaces the previous complaints,
7  Plaintiff must include in his amended complaint all the claims he wishes to present and all of
8  the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.
9  1992). Plaintiff may not incorporate material from the prior complaint by reference. **Failure
10 to file an amended complaint in accordance with this order will result in dismissal of
11 this action without further notice to Plaintiff.**

12     3.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must
13 keep the Court informed of any change of address by filing a separate paper with the clerk
14 headed "Notice of Change of Address." He must comply with the Court's orders in a timely
15 fashion or ask for an extension of time to do so. Failure to comply may result in the
16 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

17     The Clerk shall enclose two copies of the court's form complaint with a copy of this
18 order to Plaintiff.

19     IT IS SO ORDERED.
20 DATED: 3/9/10

                                      JEREMY FOGEL
                                      United States District Judge

**United States District Court**
For the Northern District of California

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Monroe05445_dwlta.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHAWN MONROE,

        Plaintiff,

  v.

SUE SUMMERSET, et al.,

        Defendants.

Case Number: CV09-05445 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/22/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shawn Monroe
Ironwood State Prison
P94445
Blythe, CA 92226

Dated: 3/22/10

                                            Richard W. Wieking, Clerk